HONORABLE ROBERT S. LASNIK

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

TEGIC COMMUNICATIONS CORPORATION,

Plaintiff,

v.

BOARD OF REGENTS OF THE UNIVERSITY
OF TEXAS SYSTEM,

Defendant.

11
12
13
14
15
16
17

NO. C05-0723RSL

**DEFENDANT BOARD OF REGENTS
OF THE UNIVERSITY OF TEXAS
SYSTEM'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER THE CASE
TO THE WESTERN DISTRICT OF
TEXAS**

**ORAL ARGUMENT REQUESTED**

**NOTE ON MOTION CALENDAR:
Friday, July 1, 2005**

18
19
20
21
22
23
24
25

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS
CAUSE NO. C05-0723RSL

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# I. **INTRODUCTION**

The instant action should be dismissed due to the Court's lack of personal jurisdiction over The Board of Regents of The University of Texas System ("Board of Regents"). The Board of Regents has absolutely no contacts with the State of Washington, and the Court's exercise of personal jurisdiction in this case would offend notions of fair play. The Court should also dismiss this case for lack of subject matter jurisdiction under the Eleventh Amendment, as the Board of Regents is an arm of the State of Texas and enjoys sovereign immunity from suit in this Court. Finally, the Court may choose to either exercise its discretion under the Federal Declaratory Judgment Act and dismiss the case or transfer it to the Western District of Texas pursuant to 28 U.S.C. § 1404.

The Board of Regents filed suit in the U.S. District Court for the Western District of Texas, Austin Division against numerous mobile telephone manufacturers for infringement of United States Patent No. 4,674,112 (the "112 Patent"). *Bd. of Regents of the Univ. of Texas Sys. v. BenQ America Corp.*, No. A:05-CA-181 SS (W.D. Tex., Mar. 11, 2005) (hereinafter referred to alone as "*BenQ*"); *Bd. of Regents of the Univ. of Texas Sys. v. Alcatel, et al.*, No. A:05-CA-198 SS (W.D. Tex., Apr. 8, 2005) (hereinafter referred to alone as "*Alcatel*"); *Bd. of Regents of the University of Texas Sys. v. Mitsubishi Elec. Corp.*, No. A:05-CA-333 (W.D. Tex. May 6, 2005) (hereinafter referred to as "*Mitsubishi*") (*BenQ*, *Alcatel*, and *Mitsubishi* are together referred to as the "Texas Litigation"). The '112 Patent, titled "Character Pattern Recognition and Communications Apparatus," was invented by Dr. George V. Kondraske, a Professor of Electrical Engineering at The University of Texas at Arlington in Arlington, Texas. The Board of Regents is the patentee and exclusive owner of the '112 Patent.

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 1
CAUSE NO. C05-0723RSL

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    On April 15, 2005, Tegic Communications Corporation ("Tegic") filed a declaratory

2    judgment action against the Board of Regents in this Court.  In the declaratory action, Tegic

3    claims that because *some* of the defendants in the Texas Litigation are licensees of Tegic's T9

4    text input software, the Board of Regent's patent infringement claims are directed at the T9

5    software.  (Compl., D.E. 1, at ¶ 1.)  Tegic seeks a declaration that the '112 patent and each of its

6    claims are invalid and unenforceable and that Tegic's T9 software does not infringe, contribute

7    to infringement, or induce infringement of the '112 patent.  Tegic also seeks costs and attorneys'

8    fees.  (Comp., D.E. 1, at ¶¶ 35, 40.)

9        The Board of Regents denies that the Texas Litigation is, as Tegic puts it, "misplaced

10   claims of infringement … directed at the T9 software."  (Compl., D.E. 1, at ¶ 1.)  The invention

11   covered by the '112 patent is not *per se* for text input software, but rather for:

12
> Claim 10.  A method of communicating, utilizing a signal generating keyboard where at least some of the keys represent two or more alphabetic characters, comprising the steps of:

13
>> inputting a word into said keyboard by depressing a single key for each alphabetic character of said word;

14
>> transmitting signals generated by the key depressions;

15
>> receiving said transmitted signals and decoding the signals into binary code;

16
>> matching said binary code with one or more pre-programmed codes, each pre-programmed code being representative of a syllabic element;

17
>> Forming a representation of the word from one or more syllabic elements represented by the matched one or more pre-programmed codes; and

18
>> outputting the word representation in a form perceptible to the user.

19   ('112 Patent, Compl., D.E. 1, at Ex. A.)  In other words, the '112 Patent's invention is directed

20   not at text input software alone, but a more comprehensive communications system that employs

21   several elements not necessarily present in Tegic's T9 software, including, "a signal generating

---

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 2
CAUSE NO. C05-0723RSL

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

keyboard" and a mechanism capable of "outputting the word representation in a form perceptible to the user." (*Id.*)

Tegic admits in its complaint that its T9 software may be used in other types of devices besides the mobile telephones manufactured by some, but not all, of the defendants in the Texas Litigation, such as in a personal digital assistant. (Compl., D.E. 1, at ¶¶ 14, 16.) The Board of Regents is not directing any claims towards Tegic and has never accused Tegic of infringement, which Tegic also admits in the Complaint. (*Id.* at ¶ 17.) In fact, the Board of Regents' attorneys have told Tegic on several occasions that the Board of Regents has no intention of ever suing Tegic. (M. Shore Decl., at ¶¶ 3-5 Ex. A; B. Burgdorf Decl., at ¶ 4). This dispute is not between the Board of Regents and Tegic, but between the Board of Regents and the defendant/patent infringers in the Texas Litigation, many of which have no relationship with Tegic.

Putting aside the lack of a real controversy between the parties, there are several other problems with Tegic's declaratory judgment action that must result in this Court either dismissing this case in its entirety or transferring it to the district court where the Texas Litigation is pending. These include:

- This Court's lack of personal jurisdiction over the Board of Regents, which has no officers, offices, assets, facilities, or any contacts at all in the State of Washington;

- This Court's lack of subject matter jurisdiction over this case since the Board of Regents, an arm of the State of Texas, has only waived sovereign immunity as to compulsory counterclaims by the defendants in the Texas Litigation; and

- The inconvenience to the parties, witnesses, and the federal court system caused by a suit that is an obvious attempt to split the previously-filed Texas Litigation, drive up the Board of Regents' costs, and deprive the Board of Regents of its choice of forum.

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 3
CAUSE NO. C05-0723RSL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  The Board of Regents, therefore, brings this motion under Federal Rules of Civil Procedure

2  12(b)(1), (2) and under 28 U.S.C. § 1404(a) to dismiss or, in the alternative, transfer this case to

3  the Western District of Texas where the previously filed Texas Litigation is pending.  The Board

4  of Regents also moves the Court to exercise its discretion to decline declaratory judgment

5  jurisdiction.

## II.  THE COURT LACKS PERSONAL JURISDICTION OVER THE BOARD OF REGENTS

8          A district court's determination of personal jurisdiction must start with an examination of

9  the law of the state in which the district court sits.  *Digital Control, Inc. v. Boretronics, Inc.*,

10  161 F. Supp. 2d 1183, 1185 (W.D. Wash. 2001).  The Washington long-arm statute extends to

11  the limits of federal due process, so the determination of personal jurisdiction in this case will

12  depend on whether exercise of that jurisdiction comports with due process.  *Id.*

14          The Court's jurisdiction over patent claims is reviewed under the law of the Federal

15  Circuit.  *Id.*  That Circuit has held that whether an exercise of specific personal jurisdiction

16  satisfies due process in a patent case depends on three factors:

17      (1)    whether the defendant "purposefully directed" its activities at residents of
               the forum;

19      (2)    whether the claim "arises out of or relates to" the defendant's activities
               with the forum; *and*

20      (3)    whether assertion of personal jurisdiction is "reasonable and fair."

21  *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001).  The first two factors relate to

22  the "minimum contacts" prong of *International Shoe Co. v. Washington*, 326 U.S. 310, 316

23  (1945), and the third corresponds to the "fair play and substantial justice" prong of *International*

24  *Shoe*.  Thus, the Federal Circuit's three-part test corresponds to the three-prong due process test

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 4
CAUSE NO. C05-0723RSL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

for specific jurisdiction generally. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997) (setting forth the three-part test in the Ninth Circuit). Tegic bears the burden of showing that the Board of Regents has the requisite minimum contacts with this forum. *Inamed*, 249 F.3d at 1360. A plaintiff satisfies this burden by asserting facts to support personal jurisdiction, and those facts are assumed to be true for jurisdictional analysis. *Gognigen Networks, Inc. v. Cognigen Corp.*, 174 F. Supp. 2d 1134, 1137 (W.D. Wash. 2001). Tegic's Complaint, however, contains no personal jurisdiction allegations at all. (Compl., D.E. 1, at ¶¶ 6-8.) There are none to be made.

## A.     THE BOARD OF REGENTS HAS NOT "PURPOSELY DIRECTED" ANY ACTIVITIES TO WASHINGTON

This first requirement is the most critical, *Cybersell*, 130 F.3d at 416, and there is absolutely nothing that Tegic can show that would indicate that the Board of Regents has directed any activity to the State of Washington.

The Board of Regents, the governing body for The University of Texas System, is composed of nine members who are appointed by the Texas Governor and confirmed by the Texas Senate. (B. Burgdorf Decl., at ¶ 2); TEX. EDUC. CODE §§ 65.11 – 65.31. ***It is a governing body separate and apart from the institutions of higher education that it oversees.*** (B. Burgdorf Decl., at ¶ 2.) The Board of Regents meets in a government office building in downtown Austin, Texas, (B. Burgdorf Decl., at ¶ 3), and all of its decisions and meetings are subject to Texas' Open Meetings laws. TEX. GOV'T CODE § 551.001(3)(a) (defining "governmental bod[ies]" subject to the Open Meetings laws). It has no offices, personnel, or assets in the State of Washington and has had no contacts within this State — and certainly no "minimum contacts." (B. Burgdorf Decl., at ¶ 3.) There is nothing to indicate that the Board of

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    Regents has "purposefully directed" its activities at residents of the State of Washington or

2    "should reasonably anticipate being haled into court" in the State of Washington. *World-Wide*

3    *Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980).

4          Tegic may argue that this first requirement is satisfied under the effects test formulated

5    under *Calder v. Jones*, 465 U.S. 783 (1984). But foreign acts with effects in the forum — even

6    if those effects are foreseeable — are not enough. *Cognigen*, 174 F. Supp. 2d at 1138. In order

7    for *Calder* to apply, the defendant must commit intentional, wrongful acts "expressly directed at

8    the forum state." *Bancroft & Master, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir.

9    2000). The Board of Regents has not engaged in any such wrongful acts, and Tegic has not

10   pleaded any. "[Tegic] must therefore pursue this litigation, if it still wishes to do so, in another

11   forum." *Cognigen*, 174 F. Supp. 2d at 1141.

12

13   **B.     THE BOARD OF REGENTS HAS NO ACTIVITIES IN WASHINGTON FROM WHICH THIS
            CASE COULD ARISE**

14

15          Since Tegic has not alleged any activities that the Board of Regents "purposely directed"

16   to Washington, there is no need to examine if such activities gave rise to Tegic's claims in this

17   case. Tegic, in fact, admits in its complaint that the Board of Regents' action that gave rise to

18   this suit occurred in Texas — the filing of the Texas Litigation. (Comp., D.E. 1, at ¶ 17). But

19   without the first factor, the analysis stops, and the case must be dismissed.

20   **C.     ASSERTION OF JURISDICTION IN WASHINGTON WOULD BE UNFAIR AND
            UNREASONABLE**

21

22          Even if Tegic could meet its burden on both of the first two requirements for personal

23   jurisdiction, any assertion of personal jurisdiction in this case over an arm of the Texas

24

25

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

government would certainly be unreasonable. The Federal Circuit in *Inamed*, 249 F.3d at 1363, articulated a five-part test for reasonableness:

      (1)    the burden on the defendant,

      (2)    the interests of the forum State,

      (3)    the plaintiff's interest in obtaining relief,

      (4)    the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and

      (5)    the shared interest of the several States in furthering fundamental substantive social policies.

*All* of these factors favor dismissal of this case.

      The burden on the Board of Regents to defend this case would be unreasonably high. As stated above, it has no officers, facilities, or assets in Washington. Most of the potential witnesses in a suit involving invalidity claims as to the '112 Patent, such as Professor Kondraske, live and work in Texas. (B. Burgdorf Decl., at ¶ 5.) Ownership documents are all located in Texas, in an office building across of the street from the courthouse where the Texas Litigation is pending. (B. Burgdorf Decl., at ¶ 6.) The patent prosecutors live and work in Houston, Texas. (B. Burgdorf Decl., at ¶ 7.) The laboratory where the subject matter of the '112 Patent was developed is in Arlington, Texas. (B. Burgdorf Decl., at ¶ 8.) The most logical place for a dispute about the validity of the '112 Patent is Texas where the Board of Regents filed suit first, where the invention was conceived, and where the patent was prosecuted.

      The second factor also weighs heavily in favor of dismissal. The State of Texas has a strong interest in seeing the intellectual property rights of its institutions of higher education protected. This interest outweighs the State of Washington's interest in allowing a small

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 7
CAUSE NO. C05-0723RSL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  subsidiary of a huge Delaware Corporation, Time Warner, which is headquartered in New York

2  City, to commandeer the Texas litigation to which it is not a party.

3      The third factor — the plaintiff's interest in obtaining relief — also favors dismissal.  The

4  Board of Regents is the true plaintiff in this case and filed suit against the infringers of the '112

5  Patent in Texas.  The Board of Regents' policies concerning its intellectual property are posted

6  on the *Board of Regents' website at Regents' Rules and Regulations*

7  http://www.utsystem.edu/bor/rules/CompleteTOC-2.htm (last visited May 25, 2005).  Section 1

8

9  of the Board of Regents' General Rules for Intellectual Property states:

10          Philosophy.  It is the objective of this policy to encourage the
            development of inventions and other intellectual creations for the best
11          interest of the public, the creator, and the research sponsor, if any, and to
            permit the timely protection and disclosure of such intellectual property
12          whether by development and commercialization after securing available
            protection for the creation, by publication, or both.  The policy is further
13          intended to protect the respective interests of all concerned by ensuring
            that the benefits of such property accrue to the public, to the inventor, to
14          the U.T. System, and to sponsors of specific research in varying degrees
            of protection, monetary return and recognition, as circumstances justify or
15          require.

16  *Id.* at http://www.utsystem.edu/bor/rules/90000Series/90101%202004%2012%2010%2001.pdf

17  (last visited May 25, 2005).  The Board of Regents has a strong interest in securing protection of

18  its intellectual property and ensuring that it benefits the public, the inventor, and Texas' system

19  of higher education.  Prosecuting the suit in Texas while at the same time defending a

20  declaratory judgment action in Washington would unfairly burden the Board of Regents in its

21  efforts to obtain relief due to high costs of duplicative discovery, pleadings, and motions.  It

22  would also create the risk of inconsistent rulings.  Furthermore, Tegic could have filed this case

23  in Texas, where it admits in the Complaint that it will already be spending a considerable amount

24

25  of time and money defending its licensees.  *See, e.g., Core-Vent Corp. v. Nobel Indus., AB*, 11

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 8
CAUSE NO. C05-0723RSL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

F.3d 1482, 1490 (9th Cir. 1993) (considering whether an alternative forum exists as well as convenience and effectiveness of relief for plaintiff). The law firm representing Tegic in this case also represents Samsung in the *Mitsubishi* case, including Tegic's lead counsel, Kevin P.B. Johnson (M. Shore Decl., at ¶ 7).

The fourth and fifth factors work together in this case to require dismissal. The Washington, Texas, and federal judicial systems have shared interests in protecting intellectual property rights in the most efficient way possible. In a case very similar to this one, in which a manufacturer filed a declaratory judgment action in a far-away district from where the declaratory judgment defendant had already sued the manufacturer's customers for infringement, a fellow district court had this to say:

> I further find that, by seeking a Declaratory Judgment action in California, Plaintiff is attempting to split the original Illinois cause of action into two causes of action and thus cause a heavier burden upon the Federal Court System, which is contrary to good judicial administration.

*Ansen Auto. Eng'g v. E-T Indus., Inc.*, No. C-71 179, 171 U.S.P.Q. (BNA) 248, 1971 U.S. Dist. LEXIS 13708, at *9 (N.D. Cal. Apr. 16, 1971). There is no need to waste judicial resources or the parties' resources litigating this additional action in Washington with the same counsel asserting the same claims and defenses.

Tegic admits in its Complaint that it will be litigating in Texas regardless of whether this Court retains this case. (Compl., D.E. 1, at ¶ 8.) Furthermore, two of the defendants in the Texas actions have waived service of process and agreed to litigate in Texas, (*BenQ*, D.E. 18, Waiver of Service by Siemens Comm., May 9, 2005, *Alcatel*, D.E. 7, Waiver of Service by Synnex Corp., May 8, 2005). In fact, Kyocera Wireless Corporation, one of the defendants in *BenQ*, has answered and filed counterclaims that are almost identical to Tegic's counterclaims in this case.

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 9
CAUSE NO. C05-0723RSL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    (*BenQ*, D.E. 20, Answer to First Amended Complaint, May 20, 2005). Since the defendants in

2    the Texas litigation will be pressing claims almost identical to Tegic's claims in this case, it is

3    contrary to the policies of efficient resolution of controversies to keep this subsequently filed

4    case involving identical claims in Washington.

5    In sum, the Board of Regents — an entity separate and apart from the institutions it

6    oversees — has no contacts in this state, much less any contacts giving rise to Tegic's claims

7    and, even if such contacts did exist, it would be extremely unreasonable to hale the Board of

8    Regents, an arm of the executive branch of the State of Texas government, into Washington to

9

10   defend claims that several others, including Tegic's counsel, are already pursuing in Texas.

11   ### III. THE ELEVENTH AMENDMENT BARS THIS SUIT
   ### AGAINST THE BOARD OF REGENTS

12

13   The Eleventh Amendment provides the Board of Regents with sovereign immunity from

14   federal court jurisdiction. U.S. CONST. AMEND. XI. In this Rule 12(b)(1) motion to dismiss for

15   lack of subject matter jurisdiction, the Board of Regents asserts that its waiver of sovereign

16   immunity by filing suit in Texas to enforce the '112 Patent is limited to compulsory

17   counterclaims that could be raised by defendants in that suit. As such, this Court does not have

18   subject matter jurisdiction over Tegic's claims.

19

20   The Eleventh Amendment "stand[s] not so much for what it says, but for the

21   presupposition … which it confirms," *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-73

22   (2000) (quotes omitted), which is that (1) "each State is a sovereign entity in our federal system,"

23   and (2) "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual

24   without its consent." *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). The State of Texas is

25   sovereign, and the Board of Regents is an arm of that State. TEX. GOV'T CODE § 441.101(3);

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 10
CAUSE NO. C05-0723RSL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    *Xechem Int'l, Inc. v. University of Tex. M.D. Anderson Cancer Ctr. and Bd. of Regents of the*

2    *Univ. of Tex. Sys.*, 382 F.3d 1324, 1327 (Fed. Cir. 2004). The Board of Regents has not

3    consented to being sued by Tegic in this Court, so this suit must be dismissed.

4        The Board of Regents agrees that if a state voluntarily files a claim in a federal court it

5    waives its Eleventh Amendment immunity *in that court* to *compulsory counterclaims* involving

6    the same transaction or occurrence as the state's claims. *Lapides v. Board of Regents of the*

7    *Univ. Sys. of Ga.*, 535 U.S. 613, 619 (2002) ("It would seem anomalous or inconsistent for a

8    State both (1) to invoke federal jurisdiction, thereby contending that the 'Judicial power of the

9    United States' extends *to the case at hand*, and (2) to claim Eleventh Amendment immunity,

10    thereby denying that the 'Judicial power of the United States' extends *to the case at hand*.")

11    (emphasis added). The Board of Regents, however, has not sued Tegic. Therefore, Tegic is not

12    a party asserting compulsory counterclaims in "the case at hand." This case is a separate lawsuit

13    in a different forum, and there has been no waiver of immunity.

14        The Federal Circuit applies these same concepts in patent cases and has found that the

15    waiver of immunity is indeed limited to compulsory counterclaims in the same forum. In

16    *Regents of the University of New Mexico v. Knight*, 321 F.3d 1111, 1126 (Fed. Cir. 2003), for

17    example, the Federal Circuit held that "when a state files suit in federal court to enforce its

18    claims to certain patents, the state shall be considered to have consented to have litigated *in the*

19    *same forum* all *compulsory counterclaims*." (emphasis added). *See also Genentech, Inc. v. Eli*

20    *Lilly & Co.*, 998 F.2d 931, 947 (Fed. Cir. 1993) ("A counterclaim must be 'compulsory' in order

21    to be raised as of right in an area in which the state is otherwise immune from suit."), *overruled*

22    *in part on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995); *Competitive*

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

*Techs., Inc. v. Board of Trustees of the Univ. of Ill.*, 374 F.3d 1098, 1103 (Fed. Cir. 2004) (noting that the Board of Trustees waived sovereign immunity as to counterclaims for a declaratory judgment only in the same forum where it filed suit for patent infringement). Since Tegic is obviously not filing "compulsory counterclaims in the same forum" where the Board of Regents filed suit, this Court does not have subject matter jurisdiction and must dismiss this suit on the grounds of sovereign immunity.

### IV.  SECTION 1404(a) TRANSFER IS APPROPRIATE FOR THE CONVENIENCE OF PARTIES AND WITNESSES AND JUDICIAL ECONOMY

Tegic filed this suit in Seattle as a means of forum shopping with a goal of avoiding the Texas Litigation. Tegic claims to be a real party in interest in the Texas action and that it "will be forced to expand considerable time, effort, and money in defending [those] actions." (Compl. at ¶ 8.) Considering that Tegic claims that it will be litigating in Texas anyway, there is no reason to file this declaratory judgment action in Washington other than as a means to avoid the Board of Regents' choice of venue and drive up the costs to the parties and the court system. This is yet another reason why this case should be dismissed or transferred.

In conducting an inquiry under section 1404(a), the court should consider "private and public factors," which include, (1) convenience of the parties and witnesses; (2) location of the underlying conduct and relevant proof; (3) availability of compulsory process; and (4) judicial economy. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). And even though "there is a strong presumption in favor of the plaintiff's choice of forum," the Board of Regents is the real plaintiff in this dispute, which is already underway in Texas. *See supra*, page 7. The Court should therefore see this later-filed Seattle declaratory judgment action for what it is — an attempt to deprive the Board of Regents of its choice of forum.

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 12
CAUSE NO. C05-0723RSL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A.     **CONVENIENCE OF THE PARTIES AND WITNESSES FAVORS TRANSFER TO TEXAS**

Tegic admits in its complaint that it will already be actively involved in the Texas Litigation regardless of whether this Court retains or transfers this case. (Compl., D.E. 1, at ¶ 8.) Thus, transfer of this case to Texas will not significantly inconvenience Tegic. A transfer of this case to Texas will save the Board of Regents from duplication of discovery efforts and the substantial cost and logistical efforts needed to transport people and discovery materials halfway across the North American Continent. *See Litton Sys., Inc. v. Advance Transformer Co.*, No. 71-1099-MML, 172 U.S.P.Q. (BNA) 153, 1971 U.S. Dist. LEXIS 10583, at *3 (C.D. Cal. Nov. 30, 1971) (transferring a declaratory judgment action under section 1404(a) when the defendant had previously filed a suit for infringement against plaintiff's parent company in Illinois); *In re National Presto Indus., Inc.*, 347 F.3d 662, 664-65 (7th Cir. 2003) (noting that a district court may accord weight to the inconvenience of government agencies who rarely have regional offices and whose expenses are ultimately borne by the taxpayers).

Furthermore, Tegic is part of the AOL Division of Time Warner, Inc, which is a huge corporation with its headquarters in New York and offices all over the world. *See About Us*, http://www.tegic.com/aboutus.html (last visited May 22, 2005). Executives at Time Warner division AOL, which is headquartered in Dulles, Virginia near Washington, D.C., apparently call the legal shots at Tegic. In fact, the only in-house attorney with whom attorneys for the Board of Regents have had discussions about this case is Seth Brown, who is employed by AOL. (M. Shore Decl., at ¶ 4.) Similarly, Tegic's principal outside counsel is in San Francisco. Docket entries five, six, and seven in this case are applications for three California attorneys to appear on

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 13
CAUSE NO. C05-0723RSL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

behalf of Tegic.  Transfer of this case to Texas will not inconvenience Tegic or Time Warner in any material way, as its lawyers are already litigating in Texas on behalf of Samsung.  *Id.* at ¶ 7.

Most importantly, the key witnesses are not in Seattle.  As stated above, in a declaratory judgment action to declare the '112 Patent invalid, almost all relevant witnesses, including the inventor and the patent prosecutors, are in Texas.  *See supra*, page 7; B. Burgdorf Decl., at ¶¶ 3-8).

**B.    LOCATION OF UNDERLYING CONDUCT AND RELEVANT PROOF IS TEXAS — NOT WASHINGTON**

All of the documents relevant to Tegic's claims of invalidity are in Texas.  (B. Burgdorf Decl., at ¶¶ 3-8.)  The '112 Patent's invention was developed in Texas.  (*Id..* at ¶ 8)  The '112 Patent was prosecuted in Texas by a Texas firm, and it is owned by an arm of the Texas government based in the Texas capital of Austin, Texas.  (*Id.* at ¶¶ 6-7).  And while Tegic's Complaint discusses the development of the T9 software in the Western District of Washington, as explained above, the Board of Regents never has and never will accuse Tegic of infringing the '112 Patent.  (M. Shore Decl., at ¶¶ 4-5).  Therefore, proof relevant to this case is in Texas, not Washington.

**C.    COMPULSORY PROCESS IS MORE READILY AVAILABLE IN TEXAS**

If Tegic intends to call third-party witnesses to testify concerning the '112 Patent's invention or its prosecution, none of those witnesses would be subject to subpoena by the district court in Seattle.  Most, if not all, such witnesses live in Texas.  (B. Burgdorf Decl., at ¶¶ 3-8.)

**D.    JUDICIAL ECONOMY STRONGLY FAVORS TRANSFER**

Tegic's subsequently filed declaratory judgment action filed in this district despite the Texas Litigation is a waste of time and resources.  Other courts faced with these circumstances

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 14
CAUSE NO. C05-0723RSL

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

have transferred the later filed declaratory judgment actions to the districts where the

infringement suits were pending.

For example, in *Emerson Electric Co. v. Robertshaw Controls Co.*, No. 68 C 134(2), 159

U.S.P.Q. 33, 34, 1968 U.S. Dist. LEXIS 9711 (E.D. Mo. June 7, 1968), a patentee sued a

manufacturer's customer in a California federal court for infringement.  Later, the manufacturer

filed an action against the patentee in a Missouri federal court seeking declaratory judgment that

the patent was invalid and not infringed.  The Missouri court granted the patentee's motion to

transfer the action to California for several reasons, all of which are present in this case.  For

example, the California district court, like the Texas court in this case, was the only court in

which the matter could be decided once and for all, with the decision binding on all parties to the

controversy.  The Texas Court is the only court with subject matter jurisdiction over this dispute

due the Board of Regents' limited waiver of sovereign immunity to compulsory counterclaims in

the Texas Litigation.  Furthermore, in *Emerson*, the California court could grant relief that could

not be granted by the Missouri court because the Missouri court lacked personal jurisdiction over

all of the California defendants just as this Court lacks personal jurisdiction over the Board of

Regents.  *See also Ansen*, 1971 U.S. Dist LEXIS 13708, at *18-20 (transferring pursuant to

section 1404(a) a declaratory judgment action filed after the defendant sued the plaintiff's

customers in another district to that district where the patent infringement suit was pending).

Even if this Court had subject matter and personal jurisdiction, transfer for judicial

economy would still be strongly warranted to avoid double litigation of identical issues.

*Emerson*, 1968 U.S. Dist. LEXIS 9711, at *4-5 (transferring a declaratory judgment action to

district where a previously filed patent infringement suit was pending to "avoid a second

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

litigation on the issues of validity, infringement, and the determination of the proper relief"). As discussed above, a large majority of the defendants in the Texas Litigation have either been served or waived service.

Retaining this case in Washington could also result in inconsistent outcomes on the same issues, which courts should try to avoid if possible. *See Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) ("The doctrine [of comity] is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."). While Tegic claims that it must indemnify its licensees who are defendants in the Texas Litigation, (Compl., D.E. 1, at ¶ 8), the issues determined in the Texas Litigation will not be *res judicata* to Tegic unless Tegic actually controls its customers' defenses in Texas. *See, e.g., Lovejoy v. Murray*, 70 U.S. 1 (1866). If Tegic has merely agreed to indemnify its customers for costs in defending the action, the issue of validity will not be *res judicata. See Ansen*, 1971 U.S. Dist LEXIS 13708, at * 18-19. A trial of the Texas Litigation without Tegic's presence therefore might require a second litigation on the issues of validity, infringement, and the determination of the proper relief, which would waste resources and could lead to inconsistent judgments. In other words, failure to transfer this case could lead to the exact outcome the Ninth Circuit has directed the district courts to avoid. *Church of Scientology*, 611 F.2d at 750.

## E.    THE BOARD OF REGENTS' CHOICE OF FORUM SHOULD BE HONORED

The Board of Regents chose to litigate issues related to the '112 Patent in the Western District of Texas. Tegic's subsequent filing of this case in the Western District of Washington is an attempt to subvert that choice, and Tegic's belated forum shopping for its licensees'

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 16
CAUSE NO. C05-0723RSL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    compulsory counterclaims in the Texas Litigation therefore should not be given significant

2    weight.

3    ## V. THE COURT MAY, IN ITS DISCRETION, SIMPLY DECLINE DECLARATORY JUDGMENT JURISDICTION

4

5    Even if there were an actual controversy between the parties in this case, which there is

6    not, the Court still has broad discretion to decline declaratory judgment jurisdiction. *Wilton v.*

7    *Seven Falls Co.*, 515 U.S. 277, 286 (1995) ("Since its inception, the Declaratory Judgment Act

8    has been understood to confer on federal courts unique and substantial discretion in deciding

9    whether to declare the rights of litigants."); *Serco Servs. Co. v. Kelley*, 51 F.3d 1037, 1039 (Fed.

10   Cir. 1995) ("But even if a case satisfies the actual controversy requirement, there is no absolute

11   right to a declaratory judgment, for the statute specifically entrusts courts with discretion to hear

12   declaratory suits or not depending on the circumstances."). There are several factors that a court

13   should consider when deciding whether to exercise discretionary declaratory jurisdiction. These

14   include:

15

16   • wise judicial administration, *Wilton*, 515 U.S. at 286-88;

17   • the "first-filed rule" and avoidance of forum shopping, *EMC Corp. v. Roland*, 916 F. Supp. 51, 53-54 (D. Mass. 1996); *American Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1015-17 (9th Cir. 1995) (finding an abuse of discretion to exercise declaratory relief jurisdiction over a case that, among other things, encourages forum shopping) *overruled in part on other grounds by Government Employees Ins. Co. v. Dizel*, 133 F.3d 1220, 1227 (9th Cir. 1998); *Federal Ins. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347, 350 (S.D.N.Y. 1992) ("[T]he misuse of the Declaratory Judgment Act to gain procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action."); and

18

19

20

21

22

23   • existence of an alternative forum to hear the entire case, *Wilton*, 515 U.S. at 285-86.

24

25

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  Considering these factors in light of the facts discussed above, the Court would be well within its

2  discretion to dismiss this case even if Tegic could meet all other jurisdictional requirements. The

3  Western District of Texas is a better forum in which Tegic admits that it will be litigating

4  anyway. Furthermore, the Board of Regents filed in the Western District of Texas first, and this

5  suit is Tegic's attempt to forum shop and to deprive the Board of Regents of its choice of forum.

6

7  ### VI. <u>SUMMARY</u>

8          In light of the Board of Regents' lack of contacts in the State of Washington, this Court

9  lacks personal jurisdiction over the Board of Regents. Therefore, the Board of Regents requests

10  that this Court dismiss this case without prejudice, or in the alternative, transfer this case to the

11  Western District of Texas where the Texas Litigation is pending.

12          When applying the facts of this case to the law concerning Eleventh Amendment

13  sovereign immunity, it is apparent that this Court does not have subject matter jurisdiction to

14  hear this suit. The Board of Regents, an arm of the State of Texas, has only waived sovereign

15  immunity as to compulsory counterclaims by the defendants in the Texas Litigation. Therefore,

16  in the alternative, the Board of Regents also requests that the Court dismiss this case for lack of

17  subject matter jurisdiction.

18          Due to the inconvenience to the parties, witnesses, and the federal court system caused by

19  this declaratory judgment action, which is an obvious attempt to split the previously filed Texas

20  litigation and drive up the Board of Regents' costs and deprive the Board of its choice of forum,

21  the Board of Regents requests, in the alternative, that the Court transfer this case to the Western

22  District of Texas pursuant to 28 U.S.C. § 1404(a).

23

24

25

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 18
CAUSE NO. C05-0723RSL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2     Finally, in light of all the issues discussed above, the Board of Regents requests, in the

3     alternative, that the Court simply use its broad discretion to decline jurisdiction over this

      declaratory judgment action and dismiss this case without prejudice.

4
      This case does not belong in this Court. The Board of Regents asks that this Court

5     dismiss this suit or transfer it to the proper forum for this dispute, which is the Western District

6     of Texas.

7     Dated this 8th day of June, 2005.

8
                                    CORR CRONIN MICHELSON
9                                   BAUMGARDNER & PREECE LLP

10

11

12                                  _____
                                    Kelly R. Corr, WSBA No. 00555
13                                  Kelsey Joyce, WSBA No. 29280
                                    Attorneys for Defendant Board of Regents of the
14                                  University of Texas System

15

16

17

18

19

20

21

22

23

24

25

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**CERTIFICATE OF SERVICE**

The undersigned declares as follows:

I am employed at Corr Cronin Michelson Baumgardner & Preece LLP, attorneys of record for Defendant Board of Regents of the University of Texas System herein.

I hereby certify that on June 8, 2005, I electronically filed the attached Defendant Board of Regents of The University of Texas System's Motion to Dismiss or, in the Alternative, Motion to Transfer the Case to the Western District of Texas with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons:

> David C. Spellman
> Lane Powell PC
> 1420 Fifth Avenue, Suite 4100
> Seattle, WA 98101

and I hereby certify that I have delivered via U.S. Mail the document to the following non CM/ECF participants:

> N/A

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 8th day of June, 2005, at Seattle, Washington.

Christy A. Weaver
Christy Weaver

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER CASE TO
THE WESTERN DISTRICT OF TEXAS – Page 20
CAUSE NO. C05-0723RSL
484 00001 ff033104

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

THE HONORABLE ROBERT S. LASNIK

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  TEGIC COMMUNICATIONS
   CORPORATION,                              No. C05-0723RSL

10
                          Plaintiff,         **ORDER DISMISSING CASE**

11
       v.                                    **CLERK'S ACTION REQUIRED**

12
   BOARD OF REGENTS OF THE                   **[PROPOSED]**

13  UNIVERSITY OF TEXAS SYSTEM,

14                        Defendant.

15

16       This matter is before the Court on Defendant's Motion to Dismiss, or in the

17  Alternative, Motion to Transfer the Case to the Western District of Texas. The Court has

18  reviewed all the materials submitted by the parties and heard argument from counsel. The

19  Court is fully informed on this matter and finds that this Court does not have personal

20  jurisdiction over the Defendant. The Court further finds that this Court does not have subject

21  matter jurisdiction over the Defendant because the Eleventh Amendment to the United States

22  Constitution provides the Defendant with sovereign immunity from federal court jurisdiction,

23  and the Defendant has not waived its immunity with respect to the Plaintiff's claims. The

24

ORDER DISMISSING CASE – Page 1
CAUSE NO. C05-0723RSL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    Court thus ORDERS that Defendant's Motion to Dismiss is GRANTED, and Plaintiff's

2    claims against Defendant are DISMISSED in their entirety.

3

4            Dated this _____ day of _____, 2005.

5

6

7                                        _____
                                         The Honorable Robert S. Lasnik
8                                        United States District Judge

9    Presented by:

10   CORR CRONIN MICHELSON
     BAUMGARDNER & PREECE LLP
11

12

13   _____
     Kelly P. Corr, WSBA No. 00555
14   Kelsey Joyce, WSBA No. 29280
     Attorneys for Defendant Board of Regents
15   of the University of Texas System

16

17

18

19

20

21

22

23

24

ORDER DISMISSING CASE – Page 2                    **CORR CRONIN MICHELSON**
CAUSE NO. C05-0723RSL                             **BAUMGARDNER & PREECE LLP**
                                                  1001 Fourth Avenue, Suite 3900
                                                  Seattle, Washington 98154-1051
                                                  Tel (206) 625-8600
                                                  Fax (206) 625-0900