UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
TEGIC COMMUNICATIONS CORP.,        )
                                   )
                  Plaintiff,       )   No. C05-0723L
                                   )
          v.                       )   ORDER GRANTING MOTION
                                   )   TO STAY DISCOVERY
BOARD OF REGENTS OF THE            )
UNIVERSITY OF TEXAS SYSTEM,        )
                                   )
                  Defendant.       )
_____)

This matter comes before the Court on a motion filed by defendant Board of Regents of the University of Texas System ("Board of Regents") to stay discovery or continue initial scheduling dates. (Dkt. #12). The Board of Regents requests that the Court stay discovery or continue the initial scheduling dates set forth in the Court's May 20, 2005 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement pending resolution of the motion to dismiss or transfer, which is noted for consideration on July 1, 2005.[1] Plaintiff counters that discovery should not be stayed, and instead should be expedited to allow discovery regarding the issues of jurisdiction.

This Court has broad discretion to stay discovery while a dispositive motion is pending.

---

[1] In the motion to dismiss, the Board of Regents argues that personal jurisdiction is lacking based on insufficient contacts with Washington, and subject matter jurisdiction is lacking because the Board of Regents is immune from this suit under the Eleventh Amendment.

ORDER GRANTING MOTION
TO STAY DISCOVERY

Although the Court usually declines to do so, the Board of Regents has presented compelling reasons for a stay in this case. The Board of Regents' arguments for dismissal appear at this early stage to have some merit. Furthermore, the Eleventh Amendment issue is legal and plaintiff has not identified any discovery necessary for resolution of that issue. To the extent that the issue of personal jurisdiction presents factual issues, it appears that plaintiff has pled insufficient facts showing personal jurisdiction. Of course, plaintiff has not yet filed its response to the motion to dismiss, and it may present additional evidence in support of personal jurisdiction at that time. If, in the context of the motion to dismiss, it becomes obvious that some limited discovery related to personal jurisdiction is necessary, the Court may revisit the issue at that time.

For the foregoing reasons, the Court GRANTS defendant's motion to stay discovery and continue the initial scheduling dates. (Dkt. #12). Neither party shall take or be required to respond to any discovery pending resolution of the motion to dismiss. The deadlines for initial disclosures, the joint status report, and settlement conference are stricken. If the Court denies the pending motion to dismiss, it will issue a revised order regarding initial discovery.

This order granting the motion for a stay of discovery has partially rendered moot plaintiff's June 22, 2005 Motion for Relief from Deadline for Filing Its Opposition, which was premised on the need for additional time to take discovery. Therefore, plaintiff's request for an extension is DENIED; plaintiff's request to file an overlength brief of up to thirty-four pages to respond to the complex jurisdictional issues is GRANTED. (Dkt. #19).

DATED this 23rd day of June, 2005.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO STAY DISCOVERY                                -2-