UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TEGIC COMMUNICATIONS CORP.,

    Plaintiff,

    v.

BOARD OF REGENTS OF THE
UNIVERSITY OF TEXAS SYSTEM,

    Defendant.

Case No. C05-723L

ORDER DENYING MOTION FOR RELIEF FROM DEADLINES

This matter comes before the Court on plaintiff's "Motion for Relief From Deadlines: Request for a Continuance of Any Decision on Defendant Board of Regents' Motion to Dismiss So Plaintiff has an Opportunity to Conduct Limited Discovery on Jurisdictional Issues" (Dkt. # 25, the "Motion"). For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

On June 9, 2005, defendant filed a motion to stay discovery (Dkt. # 12) pending resolution of its previously-filed motion to dismiss. The motion to dismiss argues that defendants are immune from suit under the Eleventh Amendment and that this Court does not have personal jurisdiction over defendant. Plaintiff opposed the motion to stay discovery and, instead, urged the Court to expedite the discovery process with regard to the immunity and jurisdictional defenses raised in defendant's motion to dismiss.

ORDER DENYING MOTION FOR RELIEF
FROM DEADLINES

On June 23, 2005, this Court granted defendant's motion for a stay of discovery (Dkt. # 22). The Court struck the current discovery deadlines and held that neither party would be required to provide discovery pending the resolution of defendant's motion to dismiss. (Dkt. # 22 at p. 2). With regard to the jurisdictional claim and plaintiff's request for expedited discovery, the Court reminded the parties that it would consider the pleadings and evidence presented through affidavits and, if necessary, may also order limited discovery to develop jurisdictional facts. See Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001); Data Disc, Inc. v. Systems Technology Associates, 557 F.2d 1280, 1285 (9th Cir. 1977).

## II. DISCUSSION

On June 27, 2005, plaintiff filed this Motion. Its title notwithstanding, the Motion makes no request for a relief from deadlines. In fact, by the time the Motion had been filed, all pretrial discovery deadlines had been stricken. More tellingly, plaintiff makes no mention of deadlines within the body of the Motion[1] and fails to mention deadlines in the proposed order granting relief. Since the title of the Motion is clearly at odds with the Motion's substantive arguments, the Court must glean the relief sought from the text of the Motion. The text plainly states that "[t]his motion is Plaintiff's request that the Court revisit the issue of whether or not Tegic is entitled to discovery." (Motion at p. 2 (footnote omitted)). Plaintiff further "asks the Court to grant discovery on the jurisdictional issues presented by Defendant's motion." (Mot. at p. 2).[2]

Since these issues were already presented by plaintiff (see Dkt. # 14 at pp. 3-7, 10) and ruled on by the Court (see Dkt. # 22 at p. 2), plaintiff's request to "revisit" the issues is properly

---

[1] Plaintiff does request "a continuance of any ruling" and postponement of "dates for argument" of defendant's motion to dismiss. (Motion at pp. 3-4). It would be a stretch to consider such dates as "deadlines." This is especially true since there is no date by which the Court must rule and no date for oral argument has been set.

[2] Although plaintiff suggests that it is revisiting this issue because it has filed its opposition to the motion to dismiss, the proper place for arguing that the jurisdictional issue requires additional discovery is in the opposition to the motion to dismiss, not in a separate motion. See Local CR 7(b)(2).

FROM DEADLINES

-2-

construed as a motion for reconsideration.  Understood in this light, the Motion must be denied.  Motions for reconsideration are disfavored.  See Local CR 7(h)(1).  The Court will ordinarily deny them in the absence of either (1) a showing of manifest error in the prior ruling, or (2) a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence.  See id.  Plaintiff has identified no manifest error, no new facts, and no new legal authority that would support a motion for reconsideration.  Instead, plaintiff has presented the same arguments that had been previously rejected by this Court.

      The motion fails for an additional reason.  "A motion for reconsideration shall be plainly labeled as such."  Local CR 7(h)(2).  The failure to do so "may be grounds for denial of the motion."  Id.  Here, plaintiff presented its request to revisit the discovery issue under the title of a motion for relief from deadlines.  The discrepancy between the Motion's title and the relief sought is both confusing and troubling.  It puts a strain on judicial resources, requires the Court to attempt to reconcile the inconsistencies, and creates opportunity for protracted misunderstandings between the parties and the Court.  The discrepancy is troubling because the title of the motion is closely associated with its noting date.  Here, plaintiff chose a noting date consistent with the title of the motion but not consistent with the actual relief sought.  If the error had not been identified, defendant would have had to respond to the motion within seven judicial days (and over the course of a national holiday) when, in fact, it was only required to respond if requested to do so by the Court.  Compare Local CR 7(d)(2) with 7(h)(3).  Under the circumstances, plaintiff's failure to comply with Local CR 7(h)(2) provides a second, independent, basis for denying the Motion.[3]

---

[3] The Court notes that this is the second time in the course of a week in which plaintiff has failed to comply with the pleading requirements in the Local Rules.  (See Dkt. # 21).  The parties are reminded that a failure to comply with these rules can result in Court-imposed sanctions.  See Local GR 3(d).

ORDER DENYING MOTION FOR RELIEF
FROM DEADLINES

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's Motion for Relief From Deadlines: Request for a Continuance of Any Decision on Defendant Board of Regents' Motion to Dismiss So Plaintiff has an Opportunity to Conduct Limited Discovery on Jurisdictional Issues (Dkt. # 25) is DENIED.

DATED this 29th day of June, 2005.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR RELIEF
FROM DEADLINES