UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TEGIC COMMUNICATIONS CORP.,

Plaintiff,

v.

BOARD OF REGENTS OF THE
UNIVERSITY OF TEXAS SYSTEM,

Defendant.

Case No. C05-0723L

ORDER GRANTING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion filed by defendant Board of Regents of the University of Texas System ("Board of Regents") to dismiss or in the alternative, to transfer the case to the Western District of Texas.[1] (Dkt. #9). The Board of Regents argues that this case should be dismissed for lack of personal jurisdiction due to its very limited contacts with Washington, and for lack of subject matter jurisdiction because it is entitled to immunity under the Eleventh Amendment.

For the reasons set forth in this Order, the Court grants the motion.

---

[1] This matter can be decided on the memoranda, declarations, and exhibits submitted by the parties. Defendant's request for oral argument is, therefore, DENIED.

ORDER GRANTING
MOTION TO DISMISS - 1

## II. DISCUSSION

**A.   Background.**

The Board of Regents owns U.S. Patent No. 4,674,112 (the "'112" Patent), titled "Character Pattern Recognition and Communications Apparatus." According to the language of the '112 Patent, it is a "communications apparatus and method designed to interface with a standard, twelve key, dual tone, multiple frequency telephone, which allows easy, non-verbal entry of a message." See Declaration of Jennifer Kash, Ex. B. Claim 10 of the '112 Patent is directed toward text input software and claims "[a] method of communicating, utilizing a signal generating keyboard, where at least some of the keys represent two or more alphabetic characters . . . ." Id. The Board of Regents has filed several lawsuits in the U.S. District Court for the Western District of Texas against alleged infringers of Claim 10 of the '112 Patent, including Alcatel, *et al.*; BenQ America Corp., *et al.*; and Mitsubishi, *et al.* (collectively, the "Texas litigation").

On April 15, 2005, Tegic Communications Corp. ("Tegic") filed this declaratory judgment action against the Board of Regents seeking a declaration that the '112 Patent is invalid and unenforceable, and that Tegic's T9 software does not infringe, contribute to infringement, or induce infringement of the '112 Patent. Tegic argues that it has standing to bring the declaratory judgment action because some of the defendants in the Texas Litigation are direct licensees of Tegic's T9 software.[2]

**B.   Analysis.**

The Board of Regents argues that the Court lacks both personal and subject matter jurisdiction. As is customary, the Court will first consider the issue of subject matter jurisdiction. See, e.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999).

---

[2] Tegic patented its T9 software as a means to improve the efficiency of inputting text into reduced keyboard systems, including cellular telephones. The T9 input software has both predictive and adaptive capabilities. It can predict the next word a user will input based on characters being entered, and can adapt to recognize words the user inputs.

ORDER GRANTING
MOTION TO DISMISS - 2

### 1. Subject Matter Jurisdiction.

The Board of Regents, as an arm of the state of Texas, enjoys immunity from suits in federal courts pursuant to the Eleventh Amendment. A state may nevertheless "consent to suit against it in federal court;" consent must be "unequivocally expressed." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). Tegic does not argue that the Board of Regents has expressly waived immunity, or that Congress has abrogated its immunity via the patent laws. Rather, Tegic notes that a state can effect a waiver by its litigation conduct and that the Board of Regents has done so in three ways. First, Tegic argues that the Board of Regents' filing in this Court of a covenant not to sue Tegic constitutes a waiver. Tegic's argument is unsupported by authority, and the cases it cites are inapposite because the Board of Regents has not sought any remedy from this Court. Cf. Synergy Methods, Inc. v. Kelly Energy Sys., Inc., 695 F. Supp. 1362, 1363 (D.R.I. 1988) (adjudicating enforcement of a covenant not to sue). In this case, the filing of the covenant not to sue is evidence that the Board of Regents does *not* consent to suit.

Second, Tegic argues that the Board of Regents has waived its immunity in this forum "by seeking and obtaining federally-created patent rights and taking affirmative steps to enforce those rights in federal court." Plaintiff's Opposition at p. 26. However, the Supreme Court has expressly held that merely obtaining federally-created rights, even by a state operating as a "market participant," does not waive Eleventh Amendment immunity. See College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 684-86 (1999) (addressing Eleventh Amendment immunity issue in the context of trademark protection).

Third, Tegic argues that the Board of Regents waived its immunity by instigating the Texas Litigation. Tegic cites only one case that found a state waived its immunity to a declaratory judgment action simply by filing suit in another federal court. Plaintiff's Response at p. 27 (citing Genentech, Inc. v. Regents of Univ. of Cal., 143 F.3d 1446 (Fed. Cir. 1998)). The Genentech opinion, however, was vacated by the Supreme Court and remanded for further

ORDER GRANTING
MOTION TO DISMISS - 3

consideration in light of College Savings.³  The Genentech decision therefore has no precedential value.  Moreover, courts have found a waiver only in very narrow circumstances, including when a state defendant voluntarily consented to removal,⁴ and when a state filed suit in federal court and the defendant filed compulsory counterclaims involving the same transaction or occurrence.⁵  The fact that courts have limited a waiver to compulsory counterclaims by the same defendant in the same case highlights the narrowness of the waiver.  In light of those holdings, it would indeed be anomalous and unprecedented for this Court to find that the Board of Regents consented to be sued for new claims by a new party in a different federal forum.

      Tegic also analogizes this case to cases involving state plaintiffs and subsequent removal by defendants.  In doing so, however, Tegic ignores the fact that the Eleventh Amendment bars federal suits *against* states, not suits *by* states.  See, e.g., Regents of the Univ. of Cal. v. Eli Lilly & Co., 119 F.3d 1559, 1564 (Fed. Cir. 1997).  This case is fundamentally different from the removal cases on which Tegic relies in that Tegic brought a new suit *against* the Board of Regents, thereby triggering the Eleventh Amendment's protections.

---

³ See Regents of Univ. of Cal. v. Genentech, Inc., 527 U.S. 1031 (1999).  The parties settled the Genentech case before the Federal Circuit could rule on it after remand.

⁴ Lapides v. Board of Regents of the Univ. Sys. of Georgia, 535 U.S. 613, 624 (2002) ("We conclude that the State's action joining the removal of this case to federal court waived its Eleventh Amendment immunity").  The Lapides court also limited the waiver to "the case at hand."  Id. at 619.

⁵ See, e.g., Regents of the Univ. of New Mexico v. Knight, 321 F.3d 1111, 1126 (Fed. Cir. 2003) (explaining that a state filing suit in federal court consents to compulsory counterclaims because it "can surely anticipate" that defendant will file them; holding that "when a state files suit in federal court to enforce its claims to certain patents, the state shall be considered to have consented to have litigated *in the same forum all compulsory counterclaims*") (emphasis added).  The Knight case analyzed whether defendant's counterclaims involved the same transaction or occurrence to determine if they were compulsory and therefore within the scope of the waiver.  Id.  Tegic is simply incorrect that the court's analysis stated or even implied that all claims arising out of the same transaction or occurrence, even if raised in a new suit by a new party, are within the scope of the waiver.

ORDER GRANTING
MOTION TO DISMISS - 4

Tegic argues that a finding of immunity would unfairly allow the Board of Regents to use it as both a sword and shield. Eleventh Amendment immunity cannot be used to promote inconsistency and unfairness. See, e.g., Lapides, 535 U.S. at 619 (noting that it would be unfair to allow a state to consent to removal, then invoke immunity). However, the Supreme Court in Lapides explicitly stated that the unfairness would occur if a state were allowed to invoke federal court jurisdiction and claim immunity "in the same case." Id. These words would be superfluous under Tegic's theory of a global waiver. Furthermore, a finding of immunity would promote rather than hinder the goals of consistency and conservation of resources; otherwise, the issue of validity would be decided by both this Court and the Texas court, with the possibility of inconsistent determinations. Finally, no unfairness would result by a finding of immunity because the Board of Regents has not used the federal courts as a sword against Tegic, who it has expressly promised not to sue. Tegic is not without a federal court remedy; it can seek to intervene in the Texas litigation.

Accordingly, the Court concludes that it lacks subject matter jurisdiction over this case.[6]

### 2. Dismissal or Transfer.

The Board of Regents argues in the alternative that this Court should transfer this case to the Western District of Texas. The transfer issue is not moot despite the lack of subject matter jurisdiction because the Court has discretion to transfer this action rather than dismissing it. Title 28 U.S.C. § 1404(a) provides, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Pursuant to the statute, courts' discretion to transfer is not unlimited; rather, they may transfer to any other district where the action *may have been brought*. In this case, the Court's findings of the existence of immunity, the lack of a broad waiver, the fact that

---

[6] Because the lack of subject matter jurisdiction is dispositive, the Court need not consider defendant's arguments regarding the lack of personal jurisdiction. The Court notes, however, that those arguments appear to have substantial merit.

ORDER GRANTING
MOTION TO DISMISS - 5

1  Tegic's claims are not compulsory counterclaims, and the resulting lack of subject matter
2  jurisdiction lead to serious doubts regarding whether Tegic could have brought this action in any
3  district or division.  Moreover, Federal Rule of Civil Procedure 12(h)(3) provides, "Whenever it
4  appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject
5  matter, the court shall dismiss the action."  Finally, because Tegic does not consent to transfer to
6  the Western District of Texas, and the parties would not be prejudiced by dismissal, the interests
7  of justice would not be served by a transfer.  For these reasons, the Court finds that the most
8  appropriate course is to dismiss this case rather than to transfer it.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS the Board of Regents' motion to dismiss for lack of subject matter jurisdiction (Dkt. #9).  This matter is dismissed without prejudice.  The Clerk of the Court is directed to enter judgment accordingly.

DATED this 26th day of July, 2005.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 6